UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                       Case No. 21-CR-127

JAMISON L. KRAHENBUHL,

        Defendant.

---

## DECISION AND ORDER

---

Jamison Krahenbuhl faces two counts of disorderly conduct, in violation of 38 C.F.R. §§ 1.218(a)(5) and (b)(11), for his actions at the Milo C. Huempfner VA Outpatient Clinic on March 24, 2021. This matter returns to the Court's attention on the Government's second motion to amend the Information. For the reasons that follow, the motion will be granted.

### BACKGROUND

The Court previously addressed the factual background of this case, Dkt. No. 11, and will not do so again here. Suffice it to say Krahenbuhl challenged the regulations under which he was charged on constitutional grounds. *Id*. The motion was denied, but in so doing, the Court drew the parties' attention to a factual disagreement as to the actual date of the offense. *Id*. at 1 n.1. The original Information alleged the underlying altercation took place on March 29, 2021. Dkt. No. 1 at 1, 2. In his motion to dismiss, Krahenbuhl stated the incident took place on March 19, 2021. Dkt. No. 5 at 2. The Government, in its response, presented the incident as occurring on March 24, 2021. Dkt. No. 7 at 1. Following the Court's decision, the Government filed a motion to amend the information, Dkt. No. 13, which the Court granted shortly thereafter. Dkt. No. 14.

The Amended Information states the offense took place on March 24, 2021. Dkt. No. 15. The Government then filed a second motion to amend the Information on October 20, 2021, just over two weeks before trial. Dkt. No. 18. Krahenbuhl filed his opposition to the motion on October 28, 2021, one week before trial. Dkt. No. 21.

## ANALYSIS

### A. Materiality and Prejudice to the Defendant

In its motion, the Government seeks to lower the scienter requirement for conviction under 38 C.F.R. §§ 1.218(a)(5) and (b)(11) from "intentional" to "knowingly," thereby moving the charges at issue here from specific intent crimes to ones of general intent. Dkt. No. 18-1 at 1, 2. A specific intent crime involves "an act committed voluntarily and purposely with the specific intent to do something the law forbids." *United States v. Jackson*, 248 F.3d 1028. 1030 (10th Cit. 2001). Conversely, a general intent crime "is one in which the act was done voluntarily or intentionally." *Id*. In short, the Government seeks to drop the requirement that it prove Krahenbuhl intended to commit disorderly conduct and instead only prove Krahenbuhl engaged in acts which constitute disorderly conduct. The Government contends this is the correct standard and cites cases from the Western District of Texas as well as the Ninth and Tenth Circuits to support its request. Dkt. No. 18 at 1, 2. Krahenbuhl objects to the amendment and complains he would be substantially prejudiced if the Government's motion is granted. Dkt. No. 21 at 3.

The Seventh Circuit has prescribed a two-part analysis to determine whether an amendment to an indictment is permissible. *United States v. Cina*, 699 F.2d 853, 857 (7th Cir. 1983). First, a court must determine whether the amendment changes an essential or material element of the charge. *Id*. An essential or material element is defined as "one whose specification with precise accuracy is necessary to establish the very illegality of the behavior and thus the court's

2

jurisdiction." *Id*. at 859.  Second, the defendant must be prejudiced by the requested amendment. *Id*.

It is apparent that the amendment the Government seeks to make is an essential element of the charge.  The proposed change alters the central question of the trial from whether Krahenbuhl intended to commit disorderly conduct to whether Krahenbuhl engaged in conduct that was disorderly.  While the evidence and basic underlying facts are unaltered by that change, it nevertheless presents a shift that goes to the very heart of the illegality of the behavior.  Furthermore, it is beyond dispute that the precise scienter threshold of a particular charge is a material element of that charge.  Any change is, by definition, a material change.

It is somewhat less apparent, however, what prejudice Krahenbuhl would suffer if the amendment were allowed.  In the Court's view, the proposed change does not alter what witnesses would need to be called or what facts would need to be developed.  Krahenbuhl argues vociferously that he would be prejudiced by the proposed change, but offers nothing more.  It is Krahenbuhl's burden to show prejudice, and bald assertions are not sufficient to carry such a burden.  *See United States v. Nicosia*, 638 F.2d 970, 976 (7th Cir. 1980) (requiring the defendant to show prejudice to his defense).  Having failed to demonstrate the prejudice requirement of *Cina*, Krahenbuhl is unable to block the Government's motion as a matter of law. The Government will therefore be allowed to amend the Information for a second time.[1]

---

[1] In a final attempt to halt the second amendment to the Information, Krahenbuhl asserts a Fifth Amendment violation, citing *Cina* as support.  699 F.2d 853.  He is correct that Supreme Court jurisprudence is generally skeptical of Government efforts to amend the information at such a late date, particularly where, as here, the Government was on notice as to errors in the Information.  However, *Cina* and the *Russell* case it cites dealt with felony indictments handed down by grand juries that contained date and factual errors that were potentially fatal to the trial court's jurisdiction.  *Id*. (citing *Russell v. United States*, 369 U.S. 749 (1962)).  No such large and glaring errors exist here. This is a petty offense misdemeanor case, not a felony indictment.  The date error which prompted the first Amended Information was a matter of days, not months or years, and the basic factual components as well as the Government's theory of the case remained consistent throughout.  For those reasons, the Court is satisfied Krahenbuhl's Fifth Amendment rights remain intact and uninjured.

3

B. **Correct Scienter Requirement and Proof at Trial**

As a secondary matter, both parties acknowledge the regulation at issue is bereft of a scienter requirement, though they reach different conclusions about what should fill the gap. Dkt. No. 18 at 1; Dkt. No. 21 at 3. Krahenbuhl argues that the original wording of the Information, requiring a finding of "intentional" conduct, is correct. Dkt. No. 21 at 3. Because Krahenbuhl is not prejudiced by the proposed change, his request to bar the second amendment is unsuccessful. However, the Court agrees with the Government that the regulation at issue here is one of general intent. When a statute is silent on the specific scienter required for conviction, courts will read into the statute "only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *Elonis v. United States*, 575 U.S. 723, 736 (2015). Other courts considering what level of scienter should be read into 38 C.F.R. §§ 1.218(a)(5) and (b)(11) have concluded that 'knowingly' is correct. *See, e.g., United States v. Szabo*, 760 F.3d 997, 1001 n.2 (9th Cir. 2014); *United States v. DeGarza*, 468 F. Supp. 3d 794, 798 (W.D. Tex. 2020). In the absence of direction from the Seventh Circuit, the Court sees no reason to depart from that view, either in the language of the regulation or the reasoning presented by Krahenbuhl.[2]

---

[2] Krahenbuhl argues that specific intent must be the operative scienter both in general and as applied to his case lest "the innocent actor" "who makes any loud noise" be swept up by the regulation because it is so vague. Dkt. No. 21 at 3. Concerns about the breadth and vagueness of the regulations at issue here have already been addressed by this Court, Dkt. No. 11, and will not be reexamined here.
  Krahenbuhl also notes that other circuits have required the Government to show that any disorderly conduct under 38 C.F.R. §§ 1.218(a)(5) and (b)(11) also "be conduct that tends to disturb the normal operations of a VA facility." Dkt. No. 21 at 3 (citing *United States v. Agront*, 773 F.3d 192, 196 (9th Cir. 2014); *United States v. Renfro*, 702 F. App'x 799, 808 (11th Cir. 2017)). However, this circuit has not adopted that view. Therefore, the Court will read the regulation in the disjunctive and not require the Government to prove any particular effect resulting from Krahenbuhl's conduct. *United States v. Rone*, 61 F. App'x 535, 537 (10th Cir. 2003); *DeGarza*, 468 F. Supp. 3d at 798. Such a reading is supported by the plan language of the regulation, which uses the word 'or' to separate conduct required for violation.

## CONCLUSION

The Government seeks to amend, for the second time, the Information to the correct scienter requirement. Such an amendment is only permissible if it will not prejudice the defendant. Given the absence of prejudice, the Government's motion is **GRANTED**. The Clerk is directed to efile the Amended Information attached to the Government's motion at [18-1].

**SO ORDERED** at Green Bay, Wisconsin this 1st day of November, 2021.

s/ James R. Sickel<br>
James R. Sickel<br>
United States Magistrate Judge